UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN DENNIS,<br><br>      Defendant. | 21-cr-142 (SHS)<br><br><u>OPINION & ORDER</u> |

SIDNEY H. STEIN, U.S. District Judge.

  Defendant Kevin Dennis has moved *pro se* for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1), commonly referred to as the compassionate release statute. (ECF No. 71.) Dennis is currently serving a 60-month term of imprisonment for using and carrying a firearm during and in relation to a drug trafficking crime. Sixty months is the mandatory minimum term of imprisonment for that offense. *See* 18 U.S.C. § 924(c)(1)(A)(i). Dennis will serve a two-year term of supervised release upon completion of his custodial sentence.

  Section 3582(c)(1)(A) permits a court to reduce a defendant's sentence if 1) "extraordinary and compelling reasons warrant such a reduction"; 2) the reduction would be consistent with the factors set forth in section 3553(a), *see* 18 U.S.C. § 3582(c)(1)(A); and 3) the reduction would be consistent with any applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).[1] The U.S. Court of Appeals for the Second Circuit recently determined that a defendant who had received a mandatory minimum sentence was nonetheless eligible for a section reduction under this statute. *United States v. Halvon*, 26 F.4th 566, 568 (2d Cir. 2022).

  Dennis' motion fails, however, both because 1) he has not shown "extraordinary and compelling reasons" meriting a sentence reduction, and 2) any reduction would not be consistent with the section 3553(a) factors.

I. <u>Defendant has not demonstrated "extraordinary and compelling reasons" warranting a sentence reduction</u>

  Dennis contends that a variety of medical conditions put him at risk of contracting COVID-19 and that the facility at which he is housed—USP Lewisburg—is currently experiencing high levels of infection. (ECF No. 71, at 3-4.) First, it should be noted that USP Lewisburg currently has just one reported positive case of COVID-19 among inmates and zero cases among staff. *BOP: COVID-19 Update*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last updated May 11, 2023). Dennis states that he suffers from obesity, high cholesterol, sleep apnea, and hypertension. (ECF No. 71, at 5.) His presentence investigation

---

[1] A defendant must also exhaust his administrative remedies prior to bringing suit. Dennis has done so. (ECF No. 71, Exs. 3-6.)

report, prepared by the Probation Office a mere nine months ago, did not report hypertension or sleep apnea and listed Dennis' weight as 184 pounds and his height as 5'11" (ECF No. 63, at 13), which would translate to a BMI of 25. This number is well below the "30 or higher" range for obesity. *About Adult BMI*, CENTERS FOR DISEASE CONTROL AND PREVENTION, www.cdc.gov/healthyweight/assessing/bmi/adult_bmi /index.html#Interpreted (last updated May 11, 2023).

Furthermore, this Court and others have found that "if preexisting medical conditions such as obesity were the end of the compassionate-release inquiry, every inmate who suffers from a COVID-19 risk factor would be entitled to release." *United States v. Lindo*, No. 15-cr-854, 2020 WL 5038766, at *1. *See also United States v. Suarez*, No. 16-cr-453, 2020 WL 7646888, at *4 (S.D.N.Y. Dec. 23, 2020) ("[N]umerous courts in this Circuit have continued to hold that obesity . . . does not constitute 'extraordinary and compelling' circumstances calling for relief.").

Neither high cholesterol nor sleep apnea appears on the list of conditions that the Centers for Disease Control has identified as causing increased risk for serious illness from COVID-19. *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 11, 2023).  Hypertension is listed simply as "possibly" a risk factor, and Dennis has shown neither that his condition is serious nor that it cannot be properly controlled at USP Lewisburg by the Bureau of Prisons. Many courts have found that these types of conditions do not amount to extraordinary and compelling reasons meriting a sentence reduction. *See, e.g., United States v. Jaramillo*, 858 Fed. Appx. 418 (2d Cir. 2021) (affirming district court's denial of compassionate release to a defendant suffering from sleep apnea and hypertension); and *United States v. Sattar*, 467 F. Supp. 3d 152, 156 (S.D.N.Y. 2020) (finding that a defendant's high blood pressure and hypertension, among other conditions, did not provide bases for compassionate release).

In sum, the Court finds that the conditions Dennis proffers do not constitute the extraordinary and compelling reasons—either separately or in tandem—that would support a reduction in his sentence.

## II.   A sentence reduction would not comport with the section 3553(a) factors

Next, even if the Court were to determine that "extraordinary and compelling reasons" exist here—which it does not—a reduction in Dennis' sentence would not be consistent with the section 3553(a) factors. These factors require the Court to consider, *inter alia*, "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(2)(A), (a)(4)(A).

Here, Dennis carried a rifle loaded with multiple rounds of ammunition as part of a large drug-trafficking organization. (ECF No. 63, at 21.) Dennis' crime was a very serious one and involved working with a major drug trafficking organization that was responsible for importing significant amounts of cocaine into the United States. Dennis has served less than half his sentence to date and releasing him at this time would neither reflect the seriousness of his offense nor provide just punishment as required under section 3553(a).

III. Conclusion

Dennis has not shown that a reduction in his sentence is warranted. Not only has he failed to demonstrate "extraordinary and compelling reasons" that would justify a reduction, but such a reduction would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a). Accordingly, Dennis' motion is denied. The Clerk of Court is directed to mail a copy of this Order to defendant as follows: Kevin Dennis [21720-509], USP Lewisburg, P.O. Box 2000, Lewisburg, PA 17837.

Dated:  New York, New York
        May 12, 2023

                              SO ORDERED:

                              _____

                              Sidney H. Stein, U.S.D.J.

3